SEYFARTH SHAW LLP
Diana J. Lin
New Jersey Bar No. 01333-2011
dlin@seyfarth.com
620 Eighth Avenue
32nd Floor
New York, New York 10018
Telephone: (212) 218-5500
Facsimile:  (212) 218-5526

Attorneys for Defendant

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JEFFERY MEISNER, <br><br>       Plaintiff, <br><br>     v. <br><br> STERLING INFOSYSTEMS, INC., <br><br>       Defendant. | Case No. 2:26-cv-03194-EP-JBC |

## DEFENDANT'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES
## TO PLAINTIFF'S AMENDED COMPLAINT

Defendant STERLING INFOSYSTEMS, INC., by its attorneys and pursuant to Rules 8

and 12 of the Federal Rules of Civil Procedure, hereby answers Plaintiff's Amended Complaint

and asserts its affirmative and other defenses as follows:

### Introduction

### COMPLAINT ¶1:

Pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), Plaintiff
brings this action against Defendant Sterling Infosystems, Inc. ("Sterling or the "CRA
Defendant") to recover actual, statutory, and punitive damages.  In addition, Plaintiff is entitled
to an award of costs and attorney's fees in this statutory fee-shifting action.

**ANSWER:**

Sterling admits that Plaintiff brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") to recover his alleged damages.  Sterling denies that it violated the FCRA, and further denies that Plaintiff is entitled to any relief whatsoever.  Sterling denies the remaining allegations in Paragraph No. 1 of the Amended Complaint.

### Jurisdiction and Venue

**COMPLAINT ¶2:**

The jurisdiction of this Court is conferred by 15 U.S.C. § 1681p.

**ANSWER:**

Sterling admits the allegations in Paragraph No. 2 of the Amended Complaint.

**COMPLAINT ¶3:**

Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).

**ANSWER:**

Sterling admits that venue is proper in this judicial district.  Sterling denies the remaining allegations in Paragraph No. 3 of the Amended Complaint.

**COMPLAINT ¶4:**

A substantial portion of the harm Defendant caused Plaintiff due to its FCRA violations was suffered by Plaintiff in this District.

**ANSWER:**

Sterling denies the allegations in Paragraph No. 4 of the Amended Complaint.

### The Parties

**COMPLAINT ¶5:**

Plaintiff is an individual and "consumer" within the meaning of the FCRA.  Plaintiff resides in Oak Ridge, New Jersey.

**ANSWER:**

Upon information and belief, Sterling admits the allegations in Paragraph No. 5 of the Amended Complaint.

**COMPLAINT ¶6:**

Defendant Sterling is a foreign entity that conducts business in the State of New Jersey, and is a "consumer reporting agency" within the meaning of the FCRA.

**ANSWER:**

Sterling admits that it is a Georgia corporation that does business in the State of New Jersey and that some of its business activities make it a "consumer reporting agency" under the FCRA as to those activities only.  Sterling denies the remaining allegations in Paragraph No. 6 of the Amended Complaint.

**Plaintiff's Claims Against Defendant Pursuant to
the Fair Credit Reporting Act**

**COMPLAINT ¶7:**

On July 11, 2023, the Superior Court of New Jersey entered an order expunging several charges on Plaintiff's criminal record pursuant to N.J.S.A. 2C:52-1, *et seq.*

**ANSWER:**

Upon information and belief, Sterling admits that, on July 11, 2023, the Superior Court of New Jersey entered an order directing several courts, government officers, and government agencies in New Jersey to remove certain criminal history information related to Plaintiff from their records and to take other actions related to such information.  Sterling denies the remaining allegations in Paragraph No. 7 of the Amended Complaint.

**COMPLAINT ¶8:**

On or around December 23, 2025, Plaintiff applied for employment at a company doing business as Consolidated Edison Co. of New York Inc. (hereinafter "ConEd").  As part of Plaintiff's application for employment, ConEd requested Plaintiff's background check report from Sterling.

3

**ANSWER:**

Sterling admits that Consolidated Edison Co. of New York Inc. ("ConEd") ordered a background report on Plaintiff from Sterling in January 2026.  Sterling lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph No. 8 of the Amended Complaint.

**COMPLAINT ¶9:**

On or around January 9, 2026, Sterling published expunged charges in a consumer report to ConEd (hereinafter the "Expunged Charges").

**ANSWER:**

Sterling denies the allegations in Paragraph No. 9 of the Amended Complaint.

**COMPLAINT ¶10:**

This publication defamed Plaintiff, thereby:

a.      Giving ConEd the false impression that Plaintiff was a poor employment risk.

b.      Impugning Plaintiff's reputation and character.

c.      Causing Plaintiff to suffer substantial emotional distress as described herein.

**ANSWER:**

Sterling denies the allegations in Paragraph No. 10 of the Amended Complaint.

*Damages*

**COMPLAINT ¶11:**

At all times pertinent hereto, the conduct of Defendant Sterling and its agents was malicious, intentional, willful, reckless, and in wanton disregard for the rights of Plaintiff pursuant to the FCRA.

**ANSWER:**

Sterling denies the allegations in Paragraph No. 11 of the Amended Complaint.

**COMPLAINT ¶12:**

In the alternative, the conduct of Defendant Sterling and its agents was in negligent disregard of the rights of Plaintiff pursuant to the FCRA.

**ANSWER:**

Sterling denies the allegations in Paragraph No. 12 of the Amended Complaint.

**COMPLAINT ¶13:**

Defendant Sterling, as a direct and proximate result of its unlawful actions, conduct, and omissions, published expunged information about Plaintiff to one or more third parties.

**ANSWER:**

Sterling denies the allegations in Paragraph No. 13 of the Amended Complaint.

**COMPLAINT ¶14:**

Defendant Sterling's publication of expunged information about Plaintiff caused Plaintiff to suffer damages cognizable pursuant to the FCRA, including but not necessarily limited to the following:

a.      Plaintiff suffered substantial emotional distress.  That emotional distress includes ongoing stress and anxiety.  Plaintiff's emotional distress has manifested itself through a variety of symptoms, including headaches, frustration, and humiliation,

b.      Plaintiff was defamed by Defendant Sterling, which published expunged information about Plaintiff that damaged Plaintiff's reputation for employment. Such defamation further contributed to, among other things, Plaintiff's ongoing emotional distress.

**ANSWER:**

Sterling denies the allegations in Paragraph No. 14 of the Amended Complaint.

**COMPLAINT ¶15:**

The damages Plaintiff suffered are cognizable actual damages under the Fair Credit Reporting Act.

**ANSWER:**

Sterling denies the allegations in Paragraph No. 15 of the Amended Complaint.

**COMPLAINT ¶16:**

Because of Defendant's willful violations of the fair credit laws, Plaintiff is entitled to an award of actual damages (or statutory damages), such punitive damages as the Court may allow, and Plaintiff's costs and reasonable attorney's fees.[1]

**ANSWER:**

Sterling denies the allegations in Paragraph No. 16 of the Amended Complaint.

**CAUSE OF ACTION**
**VIOLATION OF THE FCRA BY DEFENDANT STERLING**
**(CONSUMER REPORTING AGENCY)**

**COMPLAINT ¶17:**

Defendant Sterling violated FCRA § 1681e(b) by preparing and publishing one or more inaccurate and/or misleading consumer reports about Plaintiff to one or more third parties because Defendant Sterling did not follow reasonable procedures to assure maximum possible accuracy of information it reported about Plaintiff.  Those consumer reports, upon information and belief, contained Expunged Charges.

**ANSWER:**

Sterling denies the allegations in Paragraph No. 17 of the Amended Complaint.

**PRAYER FOR RELIEF:**

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages and equitable relief against Defendant:

1. Awarding against Defendant actual damages, statutory damages, punitive damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and § 1681o.

2. Such other and further relief as may be necessary, just, and proper.

**ANSWER:**

Plaintiff's allegations constitute a prayer for relief requiring neither an admission nor a denial by Sterling.  To the extent an answer is required, Sterling denies that Plaintiff is entitled to any relief whatsoever.

---

[1] Even if a jury finds that a Defendant's unlawful conduct was merely negligent, Plaintiff would still be entitled to an award of actual damages, costs, and reasonable attorney's fees in this fee-shifting action.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

## ANSWER:

Sterling admits that Plaintiff demands a trial by jury on all issues so triable.

## AFFIRMATIVE AND OTHER DEFENSES

## FIRST DEFENSE

Plaintiff is not entitled to punitive damages because Sterling engaged in good faith efforts to comply with the FCRA, Sterling's reading of its obligations under the FCRA was and is objectively reasonable, and any purported violations were not willful.

## SECOND DEFENSE

To the extent Plaintiff has failed to mitigate his alleged damages, any recovery should be reduced accordingly.

Respectfully submitted,

STERLING INFOSYSTEMS, INC.

By: */s/ Diana J. Lin*

Diana J. Lin
New Jersey Bar No. 01333-2011
dlin@seyfarth.com
SEYFARTH SHAW LLP
620 Eighth Avenue
32nd Floor
New York, New York 10018-1405
Telephone:    (212) 218-5519
Facsimile:    (212) 218-5526

Attorneys for Defendant

Date: June 15, 2026

7

## **CERTIFICATE OF SERVICE**

I hereby certify that, on June 15, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notice of such filing to all counsel of record.

*/s/ Diana J. Lin*
Diana J. Lin